# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ALAN AUSTIN (K-71358),** | |
| Plaintiff, | Case No. 09 C 1829 |
| v. | |
| **CLEO JOHNSON,** | Hon. Harry D. Leinenweber |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Allan Austin (the "Plaintiff"), an inmate at Stateville Correctional Center, filed this 42 U.S.C. § 1983 action against Cleo Johnson (the "Defendant"), a disciplinary hearing officer at Stateville. Plaintiff contends that Defendant retaliated against him and violated his procedural due process right to fair disciplinary hearings when she presided over two hearings after Plaintiff had requested that she recuse herself. Plaintiff contends that Defendant was biased against him because he had previously filed a lawsuit against her, which was still pending at the time of the disciplinary hearings. Plaintiff also named as Defendants Tammy Garcia, a grievance officer at Stateville, and Melody Ford, an Illinois Department of Corrections Administrative Review Board member. On October 23, 2009, the Court dismissed Plaintiff's Complaint because he had not responded to the Defendants' Motion for a more definite statement and because it

appeared to the Court, upon further review of the Complaint, that Plaintiff had not stated a valid claim. (R. 27.) Plaintiff filed a Motion for Reconsideration, then a Notice of Appeal, and later, upon this Court's request, a Motion to Reinstate with a more definite statement. (R. 30, 31, 42, 43.) While his appellate case was pending, this Court notified the Appellate Court that this Court would grant the Motion to Reconsider and to Reinstate this case for the claim against Johnson, but not the other Defendants. (R. 45.) Following the Appellate Court's remand, this Court reinstated the case with respect to the claim against Johnson, who is the only Defendant remaining in this case. (R. 55.) Defendant has now filed a Motion for Summary Judgment and Plaintiff has responded. For the following reasons, the court grants Defendant's Motion for Summary Judgment.

## I. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 255 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

If the moving party meets its burden of showing that there are no issues of material fact and that he is entitled to a judgment as a mater of law, the non-moving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *See Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596, 598-99 (7th Cir. 2000).

When addressing a summary judgment motion, the Court derives the background facts from the parties' Local Rule 56.1 Statements, which assist the court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence."

*Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Because Plaintiff is proceeding *pro se*, Defendant served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by N.D. Ill. Local Rule 56.2. (R. 77, Def. Rule 56.1 Statement at 1.) The notice explains the consequences of failing to properly respond to a motion for summary judgment and to the factual statements in the movant's Local Rule 56.1 Statement. (*Id.*) A litigant's failure to respond to a statement of fact in a Local Rule 56.1 Statement results in the court considering the uncontroverted statement admitted. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). The court may also disregard responses that do not properly cite to the record or that offer only evasive denials. *Cichon v. Exelon Generation Co., L/L.C.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997).

In the present case, Defendant filed a Rule 56.1 Statement and provided notice to Plaintiff of his need to respond. (R. 77.) Plaintiff responded to the summary judgment motion, (R. 82), and has submitted affidavits and supplemental facts supporting his response. (R. 81, 82.) However, he has not responded to Defendant's Rule 56.1 Statement. The court may thus consider Defendant's assertions of fact in her Rule 56.1 Statement, to the extent they are supported in the record, to be admitted. *Raymond*, 442 F.3d at 608. Plaintiff's submissions, including the affidavits

and his response to the summary judgment motion, will also be considered. (R. 81-83.) With these standards in mind, the court considers the evidence of this case.

## II. FACTS

The current § 1983 action alleges that Defendant retaliated against Plaintiff by not recusing herself from presiding over two prison disciplinary hearings, which Plaintiff had requested because Defendant had been named as a defendant in a prior § 1983 suit filed by Plaintiff. The facts of this case are as follows.

Plaintiff is an inmate incarcerated at the Stateville Correctional Center. Defendant is an Adjustment Committee Member at Stateville and presides over disciplinary hearings at the facility. (*See* R. 77, Def. Rule 56.1 Statement, ¶ 2.) In August 2007, prior to this suit, Plaintiff filed an § 1983 action against Defendant, alleging that a disciplinary charge against Plaintiff should have been expunged. (*Id.* at ¶ 5, citing *Austin v. Johnson*, No. 07 C 4389 (N.D. Ill.).) This court dismissed that complaint on initial review upon determining that Plaintiff had not stated a federal claim. (R. 77, Def. Rule 56.1 Statement, ¶ 6; *see also Austin*, No. 07 C 4389 (N.D. Ill.) (Order of Sept. 18, 2007) (Leinenweber, J.).) Because of the dismissal on initial review, summons for service of the complaint on Defendant did not issue in that case, and Defendant was never served with that complaint. (*See generally Austin*, No. 07 C 4389). Plaintiff sought to appeal

this court's dismissal order. But, the appeal was dismissed when Plaintiff did not qualify to proceed *in forma pauperis* and he was unable to pay the appellate filing fee. (*Id.* at Doc. #16, 21.) Given that Plaintiff's prior suit was never served upon Defendant and that there was no briefing on appeal, it is unclear whether Defendant ever knew about Plaintiff's 2007 suit prior to Plaintiff telling her at his disciplinary hearings.

On October 20, 2007, Plaintiff was issued a disciplinary ticket for "Arson" when he started a fire in his cell to cook food. (R. 77, Def. Rule 56.1 Statement, ¶ 7; *see also* Exh. D (copy of Adjustment Committee Report).) A hearing on the charge was held on October 23, 2007. (R. 77 at ¶ 8; Exh. D.) At the hearing, Plaintiff told Defendant that she should not be there because he had filed a suit against her. (R. 77, Def. Rule 56.1 Statement, ¶ 9, citing Exh. A, Pl.'s Depo. at 20.) Defendant replied that she did not know about a lawsuit. (R. 77, Def. Rule 56.1 Statement, ¶ 10, citing Pl.'s Depo. at 20.) According to Plaintiff, nothing more happened with respect to his comment that Defendant should not be at the hearing and the hearing continued. (R. 77, Exh. A, Pl.'s Depo. at 20.) Defendant and Officer Cynthia Smith presided over the hearing and found Plaintiff guilty of the charged offense. Plaintiff was sentenced to three months demotion to C grade, three months segregation, three months commissary restriction, and the revocation of three months of good credit conduct. (R. 77, Def.

Rule 56.1 Statement, ¶ 11; *see also* Exh. D, copy of Adjustment Committee Final Summary Report.) Neither the disciplinary decision nor the penalties were expunged. (R. 77, Def. Rule 56.1 Statement, ¶ 12, citing Exh. A, Pl.'s Depo. at 23.)

On December 28, 2007, a disciplinary ticket was issued against Plaintiff for sexual misconduct and disobeying a direct order. (R. 77, Def. Rule 56.1 Statement ¶ 13.) According to the Adjustment Committee Report, Plaintiff called an officer's name while she was conducting a count of inmates. When the officer looked toward Plaintiff's cell, she saw him standing in the doorway of his cell masturbating. The officer ordered Plaintiff to stop, but he continued. (R. 77, Exh. E, copy of 1/10/08Adjustment Committee Report.) At the January 10, 2008, hearing on the disciplinary ticket, Defendant again presided. (R. 77, Exh. E.) Plaintiff again told Defendant that she should not preside over the hearing because he had a lawsuit pending against her. (R. 77, Exh. A, Pl. Depo. at 21-22.) Plaintiff states that he told Defendant that "I know that I have been retaliated against . . . because you gave [other] persons 60 days and gave me 90 days [for the prior disciplinary offense of cooking]." (*Id.* at 22.) According to Plaintiff, Defendant did not respond, except to say that she could still hear Plaintiff's disciplinary ticket. (*Id.* at 22-23.) Defendant and Officer David Mansfield heard the charge, found Plaintiff guilty, and imposed penalties of six months

demotion to C grade, six months of segregation, and the revocation of three months of good conduct credit. (R. 77, Def. Rule 56.1 Statement, ¶ 17; *see also* Exh. E, copy of January 10, 2008, Adjustment Committee Report.) Neither the disciplinary finding nor Plaintiff's penalties were expunged. (R. 77, Def. Rule 56.1 Statement, ¶ 18, citing Exh. A, Pl. Depo. at 23.)

Plaintiff has submitted an affidavit from another inmate, Daniel Cortes, who states that he was disciplined for cooking in his cell and that Defendant imposed only 60 days of segregation as the penalty. (R. 81, Pl. Motion to Submit Evidence.)

### III. **DISCUSSION**

Plaintiff seeks money damages for Defendant's alleged bias with her presiding over two disciplinary hearings and her alleged retaliation with imposing a penalty greater than usual following one hearing. Both disciplinary hearings resulted penalties that included the loss of good conduct credit. A favorable ruling in this court on Plaintiff's complaint would call into question the validity of the disciplinary decisions and the duration of his sentence, which prevents him from seeking § 1983 relief until the disciplinary decisions are found to be invalid by another way.

A § 1983 action that would undermine the validity of a prison disciplinary decision which directly affects the length of confinement cannot proceed until the prisoner has "achieve[d] favorable termination of his available state, or federal habeas,

opportunities to challenge the underlying [disciplinary] conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). The rule for prison disciplinary decisions follows the rule for § 1983 suits that involve constitutional challenges to conduct associated with a criminal conviction. "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Edwards*, the Supreme Court extended the rule in *Heck* to § 1983 challenges to a prison disciplinary decision where the penalty includes revocation of good conduct credit. Because such a penalty affects the duration of an inmate's sentence, "a claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." *Edwards*, 520 U.S. at 648.

Plaintiff's § 1983 action challenges Defendant's presiding over two disciplinary hearings that resulted in the revocation of good conduct credit. A favorable ruling by this court in this case would necessarily call into question the validity of the revoked credits. Before seeking damages, Plaintiff must have the

disciplinary decisions, or at least their penalties, vacated or otherwise declared invalid by some other means. Illinois courts have recognized mandamus as the proper remedy to compel prison officials to award sentence credit to a prisoner. *See Rice v. Hathaway*, No. 07-CV-48, 2008 WL 2789317, *2 (S.D.Ill. July 18, 2008) (Reagan, J.) (citing *Turner-El v. West*, 349 Ill.App.3d 475, 811 N.E.2d 728, 733 (Ill. App. 2004)). "The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 et seq., to consider the merits of Plaintiff's claim." *Rice*, 2008 WL 2789317, *2.

Plaintiff states that he is not challenging the penalties of his disciplinary hearings, and that he is not seeking to restore the good conduct credit that was lost. Rather, he seeks to challenge Defendant's conduct, which prevented Plaintiff from receiving fair hearings. (R. 83, Pl. Supplement to his Response at 2.) The fact that Plaintiff does not seek reversal of disciplinary sentences, however, does not change the applicability of *Edwards* and *Heck*. Like Plaintiff, the inmate's challenge in the *Edwards* case focused on the constitutionality of the disciplinary proceeding, not the penalty imposed. Such a challenge, if successful, however, undermines the validity of the penalty, which must be invalidated through another avenue. *Edwards*, 520 U.S. at 646-48.

For the reasons stated above, this court cannot address whether Plaintiff was deprived of fair disciplinary hearings or retaliated against him until the disciplinary decisions are declared invalid by some other means. Plaintiff may file his § 1983 claims after the disciplinary penalties have been vacated or declared invalid. Accordingly, because this court cannot address Plaintiff's § 1983 claims. Defendant's motion for summary judgment is granted. This case is dismissed without prejudice to Plaintiff seeking § 1983 relief if and when he is able to have the disciplinary decisions that are the subject of this case declared invalid.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment [76] is granted. Plaintiff's Motion to Submit Evidence [81] is granted to the extent that the evidence is considered part of his response to the summary judgment motion. This case is dismissed without prejudice to Plaintiff seeking 42 U.S.C. § 1983 relief if his disciplinary decisions that are the subject of this case are vacated or otherwise declared invalid. This case is terminated.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 6/21/2011